## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PEDRO MORENO,         Movant, | :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 1:17-CR-0446-TCB-RGV-1 |
| UNITED STATES OF AMERICA,         Respondent. | :: :: :: | CIVIL ACTION NO. 1:20-CV-3147-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Pedro Moreno's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 55], and the government's motion to dismiss, [Doc. 57]. Because Moreno has not responded to the motion to dismiss, it is deemed unopposed. See LR 7.1(B), NDGa. For the reasons that follow, it is **RECOMMENDED** that the government's motion to dismiss, [Doc. 57], be **GRANTED** and that this § 2255 motion be **DISMISSED** as time barred.

### I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a two-count indictment against Moreno charging him in Count One with conspiracy to possess with the intent to distribute at least 500 grams of methamphetamine, in violation of

21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and in Count Two with possession with intent to distribute at least 500 grams of methamphetamine, in violation of §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.  [Doc. 14].  Represented by appointed counsel Dennis C. O'Brien, Moreno entered a non-negotiated guilty plea to both counts.  [Docs. 5; 43; 58].  The Court entered judgment on January 22, 2019, imposing a total sentence of fourteen years of imprisonment.  [Doc. 51].  Moreno did not file a direct appeal.

Moreno filed this pro se § 2255 motion on July 19, 2020, the date he gave it to prison officials for mailing.[1]  [Doc. 55 at 8].  As grounds for relief, Moreno argues that he received ineffective assistance of counsel, that his guilty plea was invalid, that the government committed misconduct, and that there was no proof that he knew that there were drugs in the batteries of his truck.  [Id. at 2-6].  Moreno contends that he submitted this motion within an "allowable time frame" because the law library has been closed due to the Covid-19 pandemic.  [Id. at 1].  The government moves to dismiss this § 2255 motion as untimely.  [Doc. 57].

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

## II.  DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Moreno's conviction became final, for purposes of § 2255(f)(1), on February 5, 2019.  See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time

3

for seeking that review expires.") (citation omitted).  Because Moreno did not file his § 2255 motion until July 19, 2020, approximately one year and five and a half months after his conviction became final, it was not timely under § 2255(f)(1).

A plea of actual innocence can overcome the one-year limitations period for filing a § 2255 motion if the movant presents "new, reliable evidence that he is factually innocent of the crime[s] of conviction."  Banks v. United States, 770 F. App'x 946, 948 (11th Cir. 2019) (per curiam) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)).  "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"  McQuiggin v. Perkins, 569 U.S. 383, 401 (2013) (citing Schlup, 513 U.S. at 316).

Moreno has not cited any evidence to support his contention that there were no drugs found in the batteries of his truck. [Doc. 55 at 2].  Furthermore, Moreno's guilty plea is an "admission that he committed the crime[s] charged against him," North Carolina v. Alford, 400 U.S. 25, 32 (1970), and "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," United States v. Broce, 488 U.S. 563, 569 (1989).  Thus,

Moreno cannot show that he is factually innocent of the crimes to which he pleaded guilty.

As to Moreno's contention that he submitted this motion within an "allowable time frame" because the law library has been closed due to the Covid-19 pandemic, "[t]he statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted).  However, the one-year statute of limitations for Moreno to file this § 2255 motion expired on February 5, 2020, before restrictions related to Covid-19 were in place, and Moreno does not allege when the prison's law library was initially closed, nor has he explained why he could not have filed his motion before Covid-19 restrictions were in place.  In fact, Moreno states that the law library is "still closed," [Doc. 55 at 1], and he has filed this motion without access to it.  Accordingly, Moreno has not shown that equitable tolling is warranted, and his § 2255 motion is due to be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit

5

or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Moreno's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the government's unopposed motion to dismiss, [Doc. 57], be **GRANTED**, that this § 2255 motion be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 18th day of September, 2020.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE