IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PEDRO MORENO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL ACTION FILE

NO. 1:17-cr-446-TCB

**O R D E R**

On September 18, 2020, Magistrate Judge Russell G. Vineyard issued his Report and Recommendation (the "R&R") [59], recommending that Petitioner Pedro Moreno's pro se motion [55] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed and that a COA be denied. Moreno has filed objections [62].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C.

§ 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

On October 22, 2018, Moreno pled guilty to conspiracy and possession with intent to distribute at least 500 grams of methamphetamine. He was sentenced to a fourteen-year term of incarceration. He did not directly appeal his conviction or sentence.

On July 19, 2020, Moreno filed this § 2255 petition, arguing that he had ineffective counsel, his guilty plea was made unknowingly, and that he should have been permitted to testify in his own defense. The Government responded by moving [57] to dismiss the petition. It contends that his § 2255 motion is due to be dismissed as untimely because it was not filed within one year of the date Moreno's conviction became final.

As the R&R points out, Moreno's conviction became final, for purposes of § 2255(f)(1), on February 5, 2019. Because Moreno filed his § 2255 motion on July 19, 2020, the magistrate judge concludes that it was untimely. *See* § 2255(f)(1) (finding that a petition to vacate is subject to a one-year statute of limitations period that starts running on the date on which the judgment of conviction becomes final).

To be sure, a claim of actual innocence can overcome the one-year limitations period for a § 2255 petition. However, the magistrate judge concludes that Moreno cannot claim actual innocence because his guilty plea constituted an admission of guilt. He also concludes that Moreno cannot claim that extraordinary circumstances exist due to the law library's closure during COVID-19 because the limitations period for filing his § 2255 petition expired on February 5, 2020—well before restrictions due to COVID-19 were put into place.

In his objections, Moreno argues that his petition is not time-barred because he did not receive the Government's motion to dismiss and therefore could not timely object to it. However, the R&R concludes—and the Government's motion to dismiss argues—that

Moreno's *petition* was untimely, not his response to the Government's motion to dismiss. And Moreno makes no argument in his objections that his petition overcomes or should be exempt from the one-year statute of limitations.

Thus, having reviewed the R&R in light of the record and Moreno's objections thereto, the Court agrees with the magistrate judge's findings and conclusions. Accordingly, the R&R [59] is hereby adopted as the order of this Court. The Government's motion [57] to dismiss is granted and Moreno's petition [55] to vacate is dismissed as time-barred. This Court further agrees with the magistrate judge that this Court's resolution of the issues presented in the petition is not debatable by jurists of reason. Accordingly, a Certificate of Appealability is denied.

IT IS SO ORDERED this 7th day of October, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge